No. 15,859.

In re House Resolution No. 2.
(178 P. [2d] 415)

Decided February 10, 1947.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, for the House of Representatives.

Mr. Emory L. O'Connell, for Colorado Educational Association and Colorado Association of School Boards.

*En Banc.*

Mr. Justice Jackson delivered the opinion of the court.

Our Court is in receipt of House Resolution No. 2 of the House of Representatives of the 36th General Assembly, now in session, which resolution was adopted

and transmitted as appropriate under that provision of section 3, article VI of the Colorado Constitution which reads: "The Supreme Court shall give its opinion upon important questions upon solemn occasions when required by the governor, the senate, or the house of representatives."

It is set forth in the resolution that, "There is now pending in said body, House Bill No. 113, entitled: 'A Bill for an Act Relating to State Finances'"; that "Although the advice of the Attorney General has been sought and received, it is the judgment of the House of Representatives that the question of the effect of the passage and enactment into law of House Bill No. 113 is important." The resolution contains the following statements:

"According to the records of the state treasurer, the income tax collections remaining unexpended and subject to be paid over to 'Reserve for General County School Funds,' under the provisions of chapter 116, Session Laws of Colorado, 1939, were in the amount of one million, two hundred twenty-six thousand, five hundred eighty-six dollars and fifty-five cents ($1,226,586.55) and the amount of income tax collections remaining unexpended and subject to be paid over to the 'Reserve for General County School Funds,' under the provisions of chapter 144, Session Laws of Colorado, 1941, were in the amount of three million, seven hundred thirty-three thousand, six hundred three dollars and seventy-two cents ($3,733,603.72); * * *

"The said income tax collections were not paid over or allocated to said 'Reserve for County School Funds,' but were transferred to the 'Surplus Fund' of the State of Colorado. * * *

"The House of Representatives will probably pass House Bill No. 113, if, by its enactment into law, it will cause the said income tax collections to be merged with and become a part of the general fund and available for general fund purposes * * * it is important that the

General Assembly be advised if such sums, by the enactment into law of House Bill No. 113, are a part thereof."

There then follows a statement that an emergency exists and that it is essential that immediate judicial advice be secured in order to avoid undue delay in making appropriations and that the legislative body may be informed if the said moneys will be available for general fund purposes. Four questions are presented for our disposition. Shortly after their submission a hearing was had in open court concerning the proper answers to these questions, notice having previously been given that the hearing would be open to all who might be interested. Mr. Duke W. Dunbar, deputy attorney general, outlined the questions and presented the position of the attorney general's office on the matter. Mr. Emory L. O'Connell appeared on behalf of the Colorado Educational Association and the Colorado Association of School Boards. Both he and the Attorney General expressed views which are in accord with the conclusions which we hereafter express.

The first two questions propounded are as follows:

"*First*: Will the enactment of House Bill No. 113 cause the said one million, two hundred twenty-six thousand, five hundred eighty-six dollars and fifty-five cents ($1,226,586.55) to become a part of and merged with the general fund and subject to appropriation therefrom for such purposes as the General Assembly shall direct?

"*Second:* Will the enactment of House Bill No. 113 cause the said three million, seven hundred thirty-three thousand, six hundred three dollars and seventy-two cents ($3,733,603.72) to become a part of and merged with the general fund and subject to appropriation therefrom for such purpose as the General Assembly shall direct?"

In *People ex rel. v. Armstrong*, 104 Colo. 238, 242, 90 P. (2d) 522, we said: "The 1937 income tax act, opera-

tive as of July 1, 1937, allocated the proceeds from the income tax to a fund known as 'Reserve for General County School Funds,' and provided that upon compliance with certain conditions designed to effect a reduction of property taxes, such avails should be distributed to the treasurers of the respective counties of the state to the credit of certain school funds in the various school districts of the counties * * *."

It appears from the resolution and the views orally expressed by counsel that no intervening rights have accrued to any county or school district since the passage of the 1937 income tax law under the above-mentioned provision, and our opinion is based upon the premise: that the proposed act would not impair the obligation of any contract with any county or school district.

Subject to the foregoing, we know of no provision in the Colorado Constitution that would constitute a bar to the procedure proposed in House Bill No. 113, and our answer to the two foregoing questions is therefore in the affirmative. This being our conclusion, we deem it unnecessary to discuss or answer the third and fourth questions propounded.